COREY R. AMUNDSON
Chief, Public Integrity Section
Criminal Division
U.S. Department of Justice
DAHOUD ASKAR
Trial Attorney, Public Integrity Section
1301 New York Ave. NW, 10th Fl.
Washington, DC 20005
202-368-1667
Email: Dahoud.Askar@usdoj.gov
ALEXANDER GOTTFRIED
Trial Attorney, Public Integrity Section
1301 New York Ave. NW, 10th Fl.
Washington, DC 20005
202-615-1286
Email: Alexander.Gottfried@usdoj.gov
*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-cr-00155-JAD-DJA |
| Plaintiff, | **Government's Motion to Strike the Testimony of Sheena Siegel** |
| v. | |
| MICHELE FIORE, | |
| Defendant. | |

The United States of America, by and through Corey Amundson, Chief, United States Department of Justice, Public Integrity Section, and Alexander Gottfried and Dahoud Askar, Trial Attorneys, hereby files this motion to strike the testimony of Sheena Siegel. For the reasons discussed below, the government asks that the government's motion be granted.

### Relevant Factual Background

Sheena Siegel is the daughter of defendant Michele Fiore. Prior to trial, she entered into an agreement with the United States Attorney's Office for the District of Nevada for

testimonial use immunity. Fiore called Siegel to testify on September 30, 2024, and Siegel resumed her testimony on October 1, 2024. ECF Nos. 62, 64. During direct examination, among other things, Siegel testified that she researched the laws and regulations governing charities, that Fiore's charity A Bright Present Foundation ("ABPF") was not created solely for building the statue honoring Alyn Beck, that she drafted a letter on behalf of ABPF to solicit funds for the Alyn Beck statue but never sent the letter, that she might have signed the letter on behalf of her mother, that she helped Fiore organize charitable events with funding from ABPF and Fiore's political action committee Future for Nevadans ("FFN"), and that she often used cash to purchase items or supplies for the charitable events.

On cross examination, Siegel admitted that she loved her mother, that Fiore was the only signatory on the bank accounts for her campaign and political action committee, that legally Siegel cannot sign checks from those bank accounts, and that checks from Fiore's campaign and FFN were written to Siegel personally. When Siegel claimed that she did know the amount of funds from FFN, Siegel was questioned about specific checks written to Siegel. In response to questioning about a certain check, Siegel testified that she signed the check and that that would not be legal. Then, Siegel was asked if she were admitting to a federal crime. At that point, cross-examination was suspended, and Siegel was appointed counsel. Siegel was given an opportunity to consult with her counsel, who was advised that Siegel has exceeded the bounds of her immunity agreement. When cross-examination resumed, Siegel testified that she would invoke her Fifth Amendment right in response to all questions during cross-examination. Siegel invoked in response to questions about whether Fiore authorized her to write checks and whether she conspired to commit wire fraud with Fiore. Siegel did not answer any questions on re-direct.

To prevent unreliable testimony, the government moves to strike all of Siegel's testimony.

**Argument**

A defendant's right to present witnesses "has long been recognized as essential to due process." *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). That same right also arises from the compulsory process clause of the Sixth Amendment. *Taylor v. Illinois*, 484 U.S. 400, 409 (1988). Nonetheless, a defendant's right to present witnesses is not without limitation. *Arredondo v. Ortiz*, 365 F.3d 778, 783 (9th Cir. 2004). For instance, the Sixth Amendment "does not confer the right to present testimony free from the legitimate demands of the adversarial system; one cannot invoke the Sixth Amendment as a justification for presenting what might have been a half-truth." *Denham v. Deeds*, 954 F.2d 1501, 1504 (9th Cir. 1992) (citing *Taylor*, 484 U.S. at 412–13). "Where a defense witness's invocation of Fifth Amendment protection against self-incrimination amounts to a refusal to be cross-examined, the testimony cannot be considered reliable" because "the truth-seeking function of the court is impaired." *Id.* In these instances, the Ninth Circuit authorizes the exclusion of a defense witness's testimony when the witness has refused on cross-examination to respond to questions on non-collateral matters.[1] *Id.*

Here, Siegel's testimony is not reliable without meaningful cross-examination and not striking her testimony would leave the jury with only half-truths to consider in deliberations. Because Siegel indicated that she would invoke to any question asked on cross-examination,

---

[1] Although *Denham* involves preclusion of testimony rather than striking testimony already in evidence, other circuits have permitted striking testimony already in evidence under similar circumstances. *See United States v. Esparsen*, 930 F.2d 1461, 1469–70 (10th Cir. 1991); *United States v. Doddington*, 822 F.2d 818, 822 (8th Cir. 1987); *United States v. Frank*, 520 F.2d 1287, 1292 (2d Cir. 1975); *see generally Williams v. Borg*, 139 F.3d 737 (1998) (striking the testimony of defendant who refused to answer questions about his prior convictions on cross-examination).

3

the government could not meaningfully cross-examine Siegel on crucial factual issues. Of particular note, the government could not cross-examine Siegel at all about ABPF, the Alyn Beck statue, representations made to donors prior to their donations, and whether the community events described in direct examination were funded by either ABPF or FFN. None of these issues are collateral, and all go to the heart of this prosecution. Also, the government could not impeach Siegel with evidence that contradicted her statements on direct examination, with statements Siegel made under oath at grand jury, and with other prior inconsistent statements. As it stands, Siegel's testimony is uncorroborated, unrebutted, and unreliable. To further the Court's truth-seeking function, Siegel's testimony should be stricken in its entirety.

**Conclusion**

For the foregoing reasons, the Court should grant the government's motion.

DATED this 1st day of October.

Respectfully submitted,

COREY R. AMUNDSON
Chief, Public Integrity Section
U.S. Department of Justice

_/s/ Alex Gottfried_
Alexander Gottfried and Dahoud Askar
Trial Attorneys