# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

United States of America,

    Plaintiff

v.

Michele Fiore,

    Defendant

Case No.: 2:24-cr-00155-JAD-DJA-1

**Jury Instructions**

### This first set of instructions will be read before closing arguments:

**Instruction # 1**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. Each of you has been given a copy of these instructions, which will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

*Given in open court on Oct. 3, 2024.*

**Instruction # 2**

The United States government charges Michele Fiore with seven counts for you to consider:

(1)    Conspiracy to commit wire fraud on or about July 2019 through February 2020 in violation of 18 U.S.C. § 1349 (Count 1 of the indictment).

(2)    Wire Fraud on or about July 16, 2019, in violation of 18 U.S.C. § 1343 (Count 2 of the indictment).

(3)    Wire Fraud on or about October 28, 2019, in violation of 18 U.S.C. § 1343 (Count 3 of the indictment).

(4)    Wire Fraud on or about December 3, 2019, in violation of 18 U.S.C. § 1343 (Count 4 of the indictment).

(5)    Wire Fraud on or about January 21, 2020, in violation of 18 U.S.C. § 1343 (Count 5 of the indictment).

(6)    Wire Fraud on or about February 7, 2020, in violation of 18 U.S.C. § 1343 (Count 6 of the indictment).

(7)    Wire Fraud on or about February 7, 2020, in violation of 18 U.S.C. § 1343 (Count 7 of the indictment).

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden

2

of proving every element of the charges beyond a reasonable doubt.

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

**Instruction # 3**

The defendant is charged in Count One of the indictment with conspiracy to commit wire fraud in violation of Section 1349 of Title 18 of the United States Code. For the defendant to be found guilty of this offense, the government must prove each of the following elements beyond a reasonable doubt:

First, two or more persons, in some way or manner, agreed to accomplish a common and unlawful plan to commit wire fraud, as charged in the indictment, and

Second, the defendant knew the unlawful purpose of the plan and willfully joined in it. A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The government does not have to prove that all the people referenced in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the government does not have to prove that the conspirators succeeded in carrying out the plan.

**Instruction # 4**

The defendant is charged in Counts Two through Seven of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  For the defendant to be found guilty of this offense in any count, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in or devised a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises.  Deceitful statements or half-truths may constitute false or fraudulent representations;

Second, the statements or representations made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

A defendant acts with the intent to deceive when she makes false statements or utilizes other forms of deception.  A defendant acts with the intent to cheat when she engages in a scheme or artifice to defraud or obtain money or property and deprives a victim of money or property thereby cheating someone out of something valuable.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

4

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

**Instruction # 5**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that her acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**Instruction # 6**

The indictment charges that the offenses alleged were committed "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on those dates.

**Instruction # 7**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the

evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**Instruction # 8**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. The evidence that you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness; and

(2)     the exhibits that are admitted into evidence.

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say or have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to

6

disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Instruction # 9**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Instruction # 10**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

7

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Instruction # 11**

The testimony of witness Sheena Seigel has been stricken from the record. This is not proper evidence in the case. You must disregard it entirely. Do not consider this testimony in reaching your decision.

**Instruction # 12**

A witness in a criminal case has a constitutional right not to incriminate themself. In arriving at your verdict, the law prohibits you from considering a witness's invocation of that constitutional right.

**Instruction # 13**

You have heard evidence that the defendant committed other acts related to alleged fraud or misappropriation of political action committee or campaign funds not charged here. This evidence was admitted only for a limited purpose. You may consider this evidence only for the purpose of deciding whether the defendant had the state of mind, knowledge, or intent necessary to commit the acts charged in the indictment; had the motive or the opportunity to commit the acts charged in the indictment; acted with a method of operation as evidenced by a unique pattern of transferring funds out of an account close in time to when they were received; or did not commit the acts for which the defendant is on trial by accident or mistake. Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, she must also have committed the acts charged in the indictment.

9

**Instruction # 14**

Campaign accounts, political action committees, and charities are each subject to multiple state and federal laws. An individual can comply with one law while, at the same time, violate other laws, such as criminal laws prohibiting wire fraud.

**Instruction # 15**

During the trial a chart marked as Exhibit 11 was shown to you by Michael Barnes (from the Bank of Nevada) to help explain the evidence in the case. This chart was not admitted into evidence and will not go into the jury room with you. It is not itself evidence or proof of any facts. If it did not correctly reflect the facts or figures shown by the evidence in the case, you should disregard this chart and determine the facts from the underlying evidence.

**Instruction # 16**

A chart and summary has been admitted into evidence as Exhibit 103. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give Exhibit 103 only such weight as you think the underlying material deserves.

**Instruction # 17**

If you find that the government intentionally failed to preserve all documents during the search of Michele Fiore's home that the government knew or should have known would be evidence in this case, you may infer, but are not required to infer, that this evidence was unfavorable to the government.

**Instruction # 18**

You have heard testimony that the defendant made certain statements. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**Instruction # 19**

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

****

**The following instructions will be read after closing arguments:**

**Instruction # 20**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Instruction # 21**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have

11

considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**Instruction # 22**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

12

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Instruction # 23**

The punishment provided by law for these crimes is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

13

**Instruction # 24**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the court-security officer that you are ready to return to the courtroom.

**Instruction # 25**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court-security officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

14